Glenn R. Kantor - State Bar No. 122643
 E-mail: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
9301 Corbin Ave., Suite 1400
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile:  (818) 350-6272

Attorneys for Plaintiff,
GERALD VILLANO

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| GERALD VILLANO,<br><br>Plaintiff,<br><br>vs.<br><br>CONTINENTAL CASUALTY COMPANY,<br><br>Defendant. | CASE NO.: 8:25-cv-00419<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) BREACH OF CONTRACT**<br><br>**(2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Gerald Villano herein sets forth the allegations of his Complaint against Defendant CONTINENTAL CASUALTY COMPANY, ("CNA")

## PRELIMINARY ALLEGATIONS

1. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

2. Venue is proper in this Court based upon 28 U.S.C. § 1391(a).

3. The Plaintiff is informed and believes that Defendant CNA is a corporation incorporated in Illinois with its principal place of business in Illinois.

1  Defendant is authorized to transact and is transacting business in the Central District
2  of California and can be found in the Central District of California.
3      4.   Plaintiff Gerald Villano at the time of the claim for the Long-Term
4  Care benefits which are the subject of this action, was a resident and citizen of the
5  County of Orange, State of California.  Plaintiff is currently a resident of the County
6  of Orange, State of California.  While this action is brought in the name of Gerald
7  Villano, who is 91 and severely cognitively impaired, as he suffers from
8  Alzheimer's related dementia, it will be prosecuted on his behalf by his wife, Becky
9  Barney-Villano who has his financial power of attorney.

## FIRST CLAIM FOR RELIEF AGAINST
## DEFENDANT FOR BREACH OF CONTRACT

13     5.   Plaintiff incorporates by reference all preceding paragraphs as though
14  fully set forth herein.
15     6.   In 1993, CNA Life issued to the Plaintiff Long Term Care Policy
16  Number 076466663 ("Policy").
17     7.   In 2024, the Plaintiff, having been diagnosed with Alzheimer's, was a
18  resident of the Huntington Terrace Senior Living Facility.  Benefits were paid by
19  paid by CNA under the Alternate Plan of Care Provision of the Policy, based on its
20  determination that the facility did not satisfy the policy definition of a nursing
21  home.  CNA was paying 100% of the expenses incurred related to Plaintiff's stay in
22  the Huntington Terrace Facility, subject to the amount of the expenses incurred and
23  the daily maximum rate for benefits provided by his policy.
24     8.   In December 2024, as the daily charges demanded by Huntington
25  Terrace for Plaintiff's care were far more than the benefits paid by CNA, the
26  Plaintiff's wife/Power of Attorney ("Becky Barney-Villano") sought approval to
27  place the Plaintiff in a covered facility whose charges would be covered by the daily
28  maximum rate afforded by the terms of Plaintiff's policy.  Specifically, the facility

for which pre-approval was sought was the Cielo Vista Senior Living - Assisted Living Facility. The Cielo Vista facility satisfies the policy definition of a Nursing Home and CNA was provided with all the required information to establish that Cielo Vista met the Policy definition of a nursing home.

9. On February 4, 2025, CNA provided Ms. Barney-Villano with a response to her request for an eligibility determination of Cielo Vista Senior Living per the provision and requirements of Plaintiff's policy. Despite having all the information required to establish that the facility met the requirements of the policy, which was provided via a form completed by the Cielo Vista administrator at the behest of Illumifin, CNA's third-party administrator of the policy benefits, CNA improperly determined that Cielo Vista did not meet the policy definition of a nursing home.

10. Based on her understanding of the policy terms, and Cielo Vista's meeting the requirements of the CNA definition of nursing facility, Mrs. Barney-Villano gave notice to Huntington Terrace that Plaintiff would be moved to Cielo Vista and has entered a contract with Cielo Vista.

11. However, the defendant has denied the claim on specious grounds, predicating its denial on a strict reading of a policy provision intended to prevent claimants from receiving benefits, while ignoring the fact that under the same strict reading of the same policy provision, the Cielo Vista Senior Living facility satisfies all policy provisions for coverage.

12. All premiums due to maintain Plaintiff's coverage in full force and effect under the Policy have been paid by Plaintiff. At all relevant times, Plaintiff has performed all obligations under the Policy on his part to be performed. As a direct and proximate result of Defendant's improper conduct, Plaintiff has been deprived of the right to obtain benefits under the terms of the Policy. The denial of benefits constitutes a breach of the insurance contract between CNA and the Plaintiff.

## SECOND CLAIM FOR RELIEF
## AGAINST DEFENDANT FOR BREACH OF THE IMPLIED
## COVENANT OF GOOD FAITH AND FAIR DEALING

13. Plaintiff incorporates by reference all preceding paragraphs as though set fully set forth herein.

14. Defendant breached its respective duty of good faith and fair dealing owed to Plaintiff in the following respects:

(a) Unreasonably withholding coverage from Plaintiff in bad faith at a time when Defendant knew Plaintiff was entitled to have coverage under the Policy;

(b) Unreasonably and in bad faith failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and Policy provisions, for the lapse of Plaintiff's coverage.

(c) Intentionally and unreasonably applying pertinent policy provisions to limit Defendant's financial exposure and contractual obligations and to maximize profits;

(d) Unreasonably compelling Plaintiff to institute litigation to recover his coverage due under the Policy to further discourage Plaintiff from pursuing his full policy benefits.

15. Plaintiff is informed and believes and thereon alleges that Defendant has breached its duties of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware. Plaintiff will amend this Complaint at such time as Plaintiff discovers these other acts or omissions.

16. As a proximate result of the wrongful conduct of Defendant, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest, for a total amount to be shown at the time of trial.

17. As a further proximate result of the wrongful conduct of Defendant, Plaintiff has suffered mental and emotional distress, and other incidental damage and out-of-pocket expenses, all to Plaintiff's general damage in a sum to be determined at the time of trial.

18. As a further proximate result of the wrongful conduct of Defendant, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, Defendant is liable to Plaintiff for those attorneys' fees reasonably necessary and incurred by Plaintiff to obtain Policy benefits in a sum to be determined at the time of trial.

19. Defendant's conduct described herein was intended by Defendant to cause injury to Plaintiff, was despicable conduct carried on by Defendant with a willful and conscious disregard of the rights of Plaintiff, subjected Plaintiff to cruel and unjust hardship in conscious disregard of his rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to Defendant with the intention to deprive Plaintiff of property and/or legal rights or to otherwise cause injury, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendant.

20. Defendant's conduct in wrongfully denying long term care benefits to Plaintiff was an unfair act and practice which caused Plaintiff to suffer a loss of income, and assets essential to his health and welfare. Defendant's conduct in wrongfully denying long term care benefits to Plaintiff was an unfair act and practice which caused Plaintiff to suffer a loss of income, a substantial loss of property set aside for personal care and maintenance, and assets essential to his health and welfare. Plaintiff is a disabled person within the meaning of California Civil Code § 3345, and because of Defendant's wrongful actions herein, Plaintiff is entitled to a trebling of any damages imposed by the trier of fact pursuant to California Civil Code § 3294.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Damages for failure to provide full benefits under the Policy for past, present, and future benefits, in an amount to be determined at the time of trial but in excess of $200,000.00, plus interest, including pre-judgment interest.

2. General damage for mental and emotional distress and other incidental damages in the sum of $2,500,000.00.

3. Punitive and exemplary damages in an amount more than $10,000,000.00.

4. A trebling of any punitive damages award pursuant to California Civil Code §3345.

5. Attorneys' fees reasonably incurred to obtain Policy benefits in a sum to be determined at the time of trial.

6. Costs of suit incurred herein; and,

7. Such other and further relief as the Court deems just and proper.

DATED: March 4, 2025                KANTOR & KANTOR, LLP

                                    By:  /s/ Glenn R. Kantor
                                         Glenn R. Kantor
                                         Attorneys for Plaintiff
                                         GERALD VILLANO

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: March 4, 2025                KANTOR & KANTOR, LLP

                                    By:  /s/ Glenn R. Kantor
                                         Glenn R. Kantor
                                         Attorneys for Plaintiff,
                                         GERALD VILLANO